UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GAVERNE POWELL**

vs.  Case No. 8:23-cv-1559-T-JDW-AAS
 Crim. Case No. 8:16-cr-442-T-JDW-AAS

**UNITED STATES OF AMERICA**

_____/

**ORDER**

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge recommending that the United States' Motion to Dismiss be granted and Powell's Motion to Vacate Under 28 U.S.C. § 2255 be dismissed as time-barred (Dkt. 8). Powell has not objected and the time to do so has expired. Accordingly, the Report and Recommendation is **APPROVED** and **ADOPTED**. The United States' Motion to Dismiss (Dkt. 5) is **GRANTED**. Powell's Motion to Vacate Under 28 U.S.C. § 2255 (Dkt. 1) is **DISMISSED**.

A district court may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that factual findings be reviewed *de novo*, and the court may accept, reject or modify, in whole or in part, the findings and recommendations. § 636(b)(1)(C); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

1

After conducting a review of the findings and recommendation, and after a *de novo* review of the legal conclusions in the R&R, I find that the Magistrate Judge correctly concluded that Powell's motion is time-barred and that he is not entitled to the benefit of equitable tolling. Nor is he entitled to an evidentiary hearing on whether he exercised reasonable due diligence.

Powell's Judgment was entered on March 8, 2017 (Dkt. 37). He did not appeal. His conviction therefore became final on March 22, 2017, when the time to file a direct appeal expired. *Akins v. United States*, 204 F.3d 1086, 1089, n. 1 (11th Cir. 2000). He had until March 22, 2018, within which to file a timely § 2255 motion but did not file his motion until July 6, 2023, more than 5 years after the one-year limitation period expired.

Equitable tolling is a remedy available only in "extraordinary circumstances that are both beyond [Powell's] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004). Relevant here, the one-year limitation period under the AEDPA begins to run "when the facts could have been discovered through the exercise of due diligence, not when they were actually discovered." *Aron v. United States,* 291 F.3d 708 (11th Cir. 2002),

As the Magistrate Judge correctly found, Powell failed to exercise due diligence to determine whether an appeal had been filed and could have, through the exercise of due diligence, discovered that an appeal had not been filed "well before five years after the deadline to file his Section 2255 motion expired." *See Dauphin v. United States*, 604 Fed. Appx. 814 (11th Cir. 2015)(If prisoner does not exercise due diligence, court must consider whether he filed his § 2255 motion within one year of "when a reasonable person in his situation, acting with due diligence, would have discovered that no appeal had been filed.").

While he wrote eight letters to his attorney between May 2017 and March 2020, a reasonable prisoner would have contacted the district court or appellate court to determine the status of the appeal when those letters went unanswered. Powell's reliance on *Aron v. United States*, *supra*, is misplaced because *Aron's* facts are distinguishable. Aron not only sent several unanswered letters to his attorney, but he also unsuccessfully contacted the district court twice to obtain a copy of his docket sheet.

An evidentiary hearing on whether Powell exercised due diligence is not required. His only proffer supporting the exercise of due diligence are the several unanswered letters he wrote to his Assistant Federal Public Defender. But he waited more than three years after his last letter in 2020 to file his § 2255 motion. And he offers no explanation for why he waited until 2023 to obtain a copy of the docket sheet.

The docket reflects he was capable of contacting the district court. In April 2022 he filed a *pro se* motion for compassionate release (cr Dkt. 46). And he was appointed an attorney from the same Federal Public Defender's Office who filed a motion for compassionate release on his behalf in October 2022 (cr Dkt. 52). He admits he did not ask that attorney for a copy of the docket sheet, something a reasonable prisoner would have done under the circumstances. Only after his compassionate release motion was denied did he obtain a copy of the docket sheet from the third-party law firm. In sum, he proffers no facts supporting the exercise of due diligence until more than five years after the AEDPA's one year limitation period expired.

Alternatively, as the Magistrate Judge correctly concluded, his claim that the Government failed to provide notice of a § 851 enhancement is without merit. His sentence enhancement was based on the Armed Career Criminal Act, not § 851. Finally, since his motion is untimely, it is

unnecessary to address his claim that his attorney was ineffective in failing to file a notice of appeal after being asked to do so.

Accordingly, the Report and Recommendation (Dkt. 8) is **APPROVED** and **ADOPTED** for all purposes, including for appellate review.

### Certificate of Appealability

A certificate of appealability will not issue because Powell has not and cannot make a substantial showing of the denial of a constitutional right. Further, jurists of reason could not disagree with the procedural ruling on timeliness. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**DONE AND ORDERED** this 7th day of November, 2023.

                                             _____
                                             JAMES D. WHITTEMORE
                                             United States District Judge

Copies to: Defendant, Counsel of record